NO. 8138

COURT OF APPEAL

PARISH OF ORLEANS

———

ADA PLUMMER BAKER

versus

GRAND LODGE, KNIGHTS OF PYTHIAS.

————

———

Court of Appeal
Parish of Orleans
FILED

166

Dinkelspiel; J.

The facts in this case are substantially as follows:

Plaintiff, the widow of Henry Baker, sues the defendant, alleging that her husband was a member in good standing, of the Grand Lodge of the Knights of Pythias, and that at his death she was entitled to the sum of Five Hundred Dollars, on account of the benefit certificate issued to her husband by the defendant, in which at the death the amount stipulated was to be paid her.

The answer of the defendant admits all the allegations of plaintiff's petition but asserts that she is not entitled under the certificate issued by the defendant to the sum of Five Hundred Dollars but avers that said benefit certificate is subject to the laws made and to be made by defendant institution and that under the amendment to the endowment clause of defendant's constitution, adopted on the 23rd day of April, 1919, the beneficiary under said benefit certificate is only entitled to the sum of Three Hundred Dollars, which sum was tendered plaintiff and which amount she refused to accept.

And the issue, narrowed down, is simply: Did or not the defendant lodge under its authority, have the right to make the change which they did make, reducing the endowment from Five Hundred Dollars to Three Hundred Dollars?

There was introduced in evidence in this case the constitution and by-laws of defendant order and at page 65 we find:

"It is stipulated that the certificate, the constitution and laws of the Grand Lodge, aforesaid, the application for membership, and medical examination signed by the applicant, shall constitute a contract between the Grand Lodge, aforesaid, and the member, and copies of same, certified by the

167

Grand Keeper of Records and Seal of the Grand Lodge, aforesaid, or corresponding officer, shall be received in evidence of the terms and conditions of the contract; and any changes, additions, amendments to the charter or articles of the Grand Lodge, aforesaid, constitutions or laws duly made or enacted subsequent to the issuance of the benefit certificate shall bind the member and his beneficiaries, and shall govern and control the contract in all respects the same as though such charges, additions and amendments had been made prior to, and were in force at the time of the application for membership. Provided, however, that the constitution and laws of the Grand Lodge, aforesaid, shall never be amended or in any way altered except in a regular or special meeting called for the purpose, which call shall be by proclamation issued from the office of the Grand Chancellor."

We find on further examination of the constituion and regulations of the Order that the Grand Chancellor on March 3rd, 1919 issued a proclamation in reference to sundry matters to be brought before the Grand Lodge, but nowhere does it appear from any resolution or any proclamation that there was to have been any action in reference to a change in the endowment. On the contrary, the proclamation is absolutely silent and the resolution subsequently adopted by the Grand Lodge wherein a change reducing the endowment from Five Hundred to Three Hundred Dollars, in our opinion was not legally established because no effort had been made and no order issued to show the intentions of the Grand Lodge to act in this matter and to take away benefits and rights which they and doubtless other members had, was not justified by the resolution and actions of the Grand Lodge in this matter.

It has been held time and again that the law of an association constitutes a contract between it and its members.

Butts vs. Society of the Young Men of Vidalia
6th Ct. of App. p. 127.

"A benefit certificate issued by a mutual aid association to one of its members is a contract which can be changed only by the consent of both parties.

A clause in such a certificate, by which kkxx the person to whom it is issued agrees to comply with all the by-laws of the association now existing or hereafter adopted, cannot be construed as authorizing the association to reduce the amount stipulated in the certificate to be paid."

Russ et al vs. Supreme Council
American Legion of Honor.
110 La. p. 587.

The deceased had been a member of defendant Lodge for more than five years and under its constitution at the end of the five years, if death ensued his heirs were entitled to the sum of Five Hundred Dollars. There is no dispute about that.

Now without notice to the deceased the attempt made by proclamation of the Grand Chancellor and subsequent acts of the Grand Lodge itself, without specially notifying members of the order of the contemplated actions of changing and amending the endowment payments, was illegal, void and therefore of no effect.

For the reasons assigned it is ordered, adjudged and decreed, that the judgment of the Court aqua. be and the same is hereby affirmed, costs of both Courts to be paid by defendant.

*Judgment affirmed* I concur on the ground that the Endowment Policy contains the clause that the constitution and laws of the Association shall be amended only "after written notice of the purpose of such meeting has been given every member of the Association", and it is not pretended that such notice was given —

C. H. P., Judge

St. Paul, J., Not having heard the argument takes no part.